# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA

|  |  |
|---|---|
| Carl Smith, | : Civil Action No.: <u>2:12-CV-0188</u> |
| Plaintiff, | : |
| v. | : |
| | : |
| Oxford Law, LLC; and DOES 1-10, inclusive, | : **COMPLAINT** |
| | : **JURY TRIAL DEMANDED** |
| Defendants. | : |
| | : |

For this Complaint, the Plaintiff, Carl Smith, by undersigned counsel, states as follows:

## JURISDICTION

1.     This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA"), and the invasions of Plaintiff's personal privacy by the Defendants and its agents in their illegal efforts to collect a consumer debt.

2.     Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendants transact business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

<u>**PARTIES**</u>

4.    The Plaintiff, Carl Smith ("Plaintiff"), is an adult individual residing in Taccoa, Georgia, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

5.    Defendant Oxford Law, LLC ("Oxford"), is a Pennsylvania business entity with an address of 311 Veterans Highway Suite 100A, Levittown, Pennsylvania 19056, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

6.    Does 1-10 (the "Collectors") are individual collectors employed by Oxford and whose identities are currently unknown to the Plaintiff.  One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

7.    Oxford at all times acted by and through one or more of the Collectors.

<u>**ALLEGATIONS APPLICABLE TO ALL COUNTS**</u>

**A.  <u>The Debt</u>**

8.    The Plaintiff allegedly incurred a financial obligation (the "Debt") to an original creditor (the "Creditor").

9.      The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

10.     The Debt was purchased, assigned or transferred to Oxford for collection, or Oxford was employed by the Creditor to collect the Debt.

11.     The Defendants attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

**B. Oxford Engages in Harassment and Abusive Tactics**

12.     Within the past year, Oxford began contacting Plaintiff in an attempt to collect a Debt.

13.     On or about June 14, 2012, Oxford contacted Plaintiff on his work-issued cellular telephone and demanded that he immediately pay the Debt in full.

14.     Plaintiff informed Oxford that it was calling his work telephone number and that personal calls to that number prior to 5:00 p.m. were prohibited by his employer.

15.     Despite being so informed, Oxford continued to call Plaintiff prior to 5:00 p.m., a time known to be inconvenient, in its attempts to collect the Debt.

16.    Oxford also called at an excessive and harassing rate, causing Plaintiff's work telephone to ring at least three times in one day on at least once occasion.

17.    Oxford used hostile and abusive language when speaking to Plaintiff, which included demanding payment "or else," claiming "something bad is going to happen" unless Plaintiff immediately made a payment towards the Debt, and telling Plaintiff that he "can't afford any attorney, [Oxford]'ll talk to you the way [it] want[s]."  These threats caused Plaintiff to fear he would be physically harmed if he failed to pay the Debt.

18.    On at least one occasion, Oxford's employee Brian Knight threatened to call Plaintiff's relatives and former girlfriend and inform them of the Debt's existence if Plaintiff failed to immediately pay the Debt.  This caused Plaintiff a great deal of distress and anxiety.

19.    In its validation letter and during its conversations with Plaintiff, Oxford stated Plaintiff owed almost $2,000.00 more than the original Debt.

20.    On or about July 9, 2012, Oxford called Plaintiff three times.  During each conversation, Plaintiff informed Oxford that he had retained counsel and attempted to provide his counsel's name and contact information, however, Oxford terminated the calls before he could do so.

4

21.    Despite being put on notice that Plaintiff had retained an attorney to represent him against Oxford, Oxford called twice on July 10, 2012.

**C. Plaintiff Suffered Actual Damages**

22.    The Plaintiff has suffered and continues to suffer actual damages as a result of the Defendants' unlawful conduct.

23.    As a direct consequence of the Defendants' acts, practices and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

**COUNT I**
**VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692, et seq.**

24.    The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

25.    The Defendants' conduct violated 15 U.S.C. § 1692c(a)(1) in that Defendants contacted the Plaintiff at a place and during a time known to be inconvenient for the Plaintiff.

26.    The Defendants' conduct violated 15 U.S.C. § 1692c(a)(2) in that Defendants contacted the Plaintiff after having knowledge that the Plaintiff was represented by an attorney.

27.    The Defendants' conduct violated 15 U.S.C. § 1692c(a)(3) in that Defendants contacted the Plaintiff at his place of employment, knowing that the Plaintiff's employer prohibited such communications.

28.    The Defendants' conduct violated 15 U.S.C. § 1692d in that Defendants engaged in behavior the natural consequence of which was to harass, oppress, or abuse the Plaintiff in connection with the collection of a debt.

29.    The Defendants' conduct violated 15 U.S.C. § 1692d(1) in that Defendants threatened the Plaintiff with violence against his person.

30.    The Defendants' conduct violated 15 U.S.C. § 1692d(2) in that Defendants used abusive language when speaking with the consumer.

31.    The Defendants' conduct violated 15 U.S.C. § 1692d(5) in that Defendants caused a phone to ring repeatedly and engaged the Plaintiff in telephone conversations, with the intent to annoy and harass.

32.    The Defendants' conduct violated 15 U.S.C. § 1692e(2) in that Defendants misrepresented the character, amount and legal status of the Debt.

33.    The Defendants' conduct violated 15 U.S.C. § 1692e(4) in that Defendants threatened the Plaintiff with garnishment if the Debt was not paid.

34.    The Defendants' conduct violated 15 U.S.C. § 1692f(1) in that Defendants attempted to collect an amount not authorized by the agreement creating the Debt.

35.    The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

36.    The Plaintiff is entitled to damages as a result of Defendants' violations.

## COUNT II
## VIOLATION OF THE GEORGIA FAIR BUSINESS PRACTICES ACT, O.C.G.A. § 10-1-390, et seq.

37.    The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

38.    The Plaintiff is a "consumer" as the term is defined by O.C.G.A. § 10-1-392(6).

39.    The Plaintiff incurred a Debt as a result of engaging into "[c]onsumer transactions" as the term is defined by O.C.G.A. § 10-1-392(10).

40.    The Defendants' unfair or deceptive acts to collect the Debt occurred in commerce, in violation of O.C.G.A. § 10-1-393(a).

7

41.    The Plaintiff suffered mental anguish, emotional distress and other damages in an amount to be proven at trial.

42.    Defendant's failure to comply with these provisions constitutes an unfair or deceptive act under O.C.G.A. § 10-1-393(a) and, as such, the Plaintiff is entitled to damages plus reasonable attorney's fees.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff prays that judgment be entered against Defendants:

1. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) and O.C.G.A. § 10-1-399(a) against Defendants;

2. Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against Defendants;

3. Treble damages pursuant to O.C.G.A. § 10-1-399(c) against Defendants;

4. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) and O.C.G.A. § 10-1-399(d) against Defendants;

5. Actual damages from Defendants for the all damages including emotional distress suffered as a result of the intentional, reckless, and/or negligent FDCPA violations and;

6. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: August 6, 2012

Respectfully submitted,

By: /s/ Cara Hergenroether, Esq.
Attorney Bar No.: 570753
Attorney for Plaintiff Carl Smith
LEMBERG & ASSOCIATES L.L.C.
1400 Veterans Memorial Highway
Suite 134, #150
Mableton, GA 30126
Telephone: (855) 301-2100 ext. 5516
Facsimile:   (888) 953-6237
Email: chergenroether@lemberglaw.com